Elizabeth J. Arleo (Bar No. 201730)
ARLEO LAW FIRM, PLC
1672 Main St., Suite E, PMB 133
Ramona, California 92065
Tel: (760) 789-8000
Fax: (760) 789-8081
Email: elizabeth@arleolaw.com

Attorney for Plaintiff Michael A. Murphy

## IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. MURPHY, an individual, )<br>  )<br> Plaintiff, )<br>  )<br>  )<br> v. )<br>  )<br>  )<br> RICHARD J. BOUDREAU & ASSOCIATES, )<br> LLC )<br>  )<br> Defendant. )<br>  )<br>  )<br>  ) | Case No.: **'11 CV 2055 BEN WMc**<br><br>**COMPLAINT FOR DAMAGES**<br><br>  1. **VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>  2. **VIOLATION OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>  3. **TELEPHONE COMMUNICATIONS PRIVACY ACT** |

COMPLAINT FOR DAMAGES

1       Plaintiff, MICHAEL A. MURPHY ("Plaintiff"), based on information and belief and

2  investigation of counsel, except for those allegations which pertain to the Plaintiff or his attorney

3  (which are alleged on personal knowledge), hereby makes the following allegations against

4  defendant, Richard J. Boudreau & Associates, LLC ("Defendant"):

5       1.    This action arises from Defendant's attempt via collection letters and telephone

6  calls to collect alleged consumer debts in violation of the federal Fair Debt Collection Practices

7  Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), the California Rosenthal Fair Debt Collection

8  Practices Act, California Civil Code §§1788-1788.32 ("CA FDCPA"), and the federal Telephone

9  Communications Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

10  **THE FEDERAL AND CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACTS**

11       2.    *Why Congress Wrote the FDCPA:* The United States Congress has found abundant

12  evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt

13  collectors, and has determined that abusive debt collection practices contribute to the number of

14  personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual

15  privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt

16  collectors, to insure that those debt collectors who refrain from using abusive debt collection

17  practices are not competitively disadvantaged, and to promote consistent State action to protect

18  consumers against debt collection abuses. (15 U.S.C. §1692(a) – (e)).

19       3.    *Why the California Legislature Wrote the CA FDCPA*: The California legislature

20  has determined that the banking and credit system and grantors of credit to consumers are

21  dependent upon the collection of just and owing debts and that unfair or deceptive collection

22  practices undermine the public confidence that is essential to the continued functioning of the

23  banking and credit system and sound extensions of credit to consumers.  The Legislature has

24  further determined that there is a need to ensure that debt collectors exercise this responsibility

25  with fairness, honesty and due regard for the debtor's rights and that debt collectors must be

26  prohibited from engaging in unfair and deceptive acts or practices.

27       4.    Plaintiff also brings this action to challenge the misconduct of Defendant with

28

regard to Defendant's attempt to collect alleged consumer debts through unlawful telephone calls to Plaintiff's cellular telephone in violation of the TCPA.

5.     The Defendant debt collection agency has engaged in multiple impermissible autodialed "robocalls" to Plaintiff's cellular telephone in violation of 47 U.S.C. §227(b).  Using an autodialer system, during a two-week period in February 2011, Defendant called Plaintiff's cellular telephone on 11 occasions without express consent as required by the TCPA.

## CONCERN FOR THE CONSUMER'S FINANCIAL PRIVACY, INCLUDING THE MANDATE TO REDUCE THE RISKS OF INAPPROPRIATE DISCLOSURE AND MISUSE OF A CONSUMER'S SOCIAL SECURITY NUMBER

6.     In 2003, the California Court of Appeal stated that "[c]oncern for financial privacy is a compelling issue in today's world." *Teamsters Local 856 v. Priceless, LLC*, 112 Cal.App.4th 1500, 1513 (Cal. App. 1 Dist., 2003)

7.     In 2007, the United States Office of Management and Budget, following up on the recommendation of the President's Task Force on Identity Theft, issued guidance urging federal agencies to eliminate unnecessary use of Social Security Numbers and explore alternatives to the numbers as individual identifiers.  *See* OMB Memorandum M-07-17, Safeguarding Against and Responding to the Breach of Personally Identifiable Information.   The findings and recommendations of the President's Task Force on Identity Theft may be found in Combating identity Theft: A Strategic Plan, April 2007.

8.     In 2008, the California Office of Privacy Protection stated that "[t]he broad use and public exposure of SSNs [Social Security Numbers] has been a major contributor to the growth in recent years in identity theft and other forms of fraud.  The need to significantly reduce the risks to individuals of the inappropriate disclosure and misuse of SSNs, has led California to take steps to limit their use and display."   Recommended Practices on Protecting the Confidentiality of Social Security Numbers, April 2008.

9.     California Civil Code §1798.81 requires businesses to destroy customer records containing personal information by shredding, erasing, or otherwise modifying the personal

-3-

COMPLAINT FOR DAMAGES

1    information in those records to make it unreadable or undecipherable, before discarding them.

2        10.    Section 628 of the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681u, requires

3    the proper disposal of records containing consumer information derived from consumer reports.

4        11.    The California Financial Information Privacy Act, codified as Cal. Financial Code

5    §4050 *et seq*., prohibits financial institutions from sharing or selling personally identifiable non-

6    public information with non-affiliated entities prior to obtaining a consumer's consent via an

7    "opt-in" process.   It provides for a plain-language notice of the privacy rights it confers.

8    Consumers must be given the opportunity to "opt out" of sharing with a financial institution's

9    affiliates.

10       12.    The Gramm-Leach-Bliley Act requires a financial institution to give its customers

11   notice and an opportunity to opt out of disclosure *before* releasing any customer's "nonpublic

12   personal information to a non-affiliated third-party." 15 U.S.C. §6802.

13       13.    The California Financial Information Privacy Act and the Gramm Leach Bliley

14   Act prevent financial institutions from selling their customer's private, personally identifiable

15   non-public information to third parties for an improper purpose and without proper disclosure to,

16   and consent from, the customer.

17                                    **PARTIES**

18       14.    Plaintiff is a natural person residing in Cardiff, California, County of San Diego,

19   and the State of California and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) of

20   the FDCPA

21       15.    Plaintiff was obligated or allegedly obligated to pay a debt arising from personal,

22   family or household purposes and is therefore a "debtor" as that term is defined by Cal. Civ. Code

23   §1788.2(h) of the CA FDCPA.

24       16.    Defendant Richard A. Boudreau & Associates, LLC ("Defendant"), is a

25   Massachusetts limited liability company with principal office at 50 Tower Office Park, Woburn,

26   Massachusetts 01801.

27

28

17. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is, therefore, a "debt collector," as that term is defined by the FDCPA, 15 U.S.C. §1692a(6).

18. Defendant is a person, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection, and is, therefore a "debt collector" as that term is defined by the CA FDCPA, Cal. Civil Code §1788.2(c).

19. Defendant is not affiliated with LVNV Funding, LLC.

20. The use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant.

21. All acts of corporate employees as alleged herein were authorized or ratified by an officer, director or managing agent of Richard A. Boudreau & Associates, LLC.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over the FDCPA claims pursuant to 15 U.S.C. §1692k(d), and 28 U.S.C. §1331. Supplemental jurisdiction for the TCPA and CA FDCPA claims arises pursuant to 28 U.S.C. §1367.

23. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff lives in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

24. Personal jurisdiction is established because Defendant does business in this district and throughout the State of California.

## FACTUAL ALLEGATIONS CONCERNING DEFENDANT'S LETTERS
## IN VIOLATION OF THE FEDERAL FDCPA AND THE CALIFORNIA FDCPA

25. Plaintiff incurred three separate obligations or alleged obligations with Heritage First USA (later acquired by Chase) to pay money arising out of transactions in which the money,

property, insurance, or services which are the subject of the transaction as are primarily for personal, family, or household purposes.

26.     Some time prior to January 1, 2011, Plaintiff defaulted on each of the alleged debts.

27.     Some time prior to February 1, 2011, each of the alleged debts was assigned, or otherwise obtained by Defendant for collection.

28.     On or about February 22, 2011, Defendant sent three separate dunning letters to Plaintiff seeking to collect each of the alleged debts on behalf of LVNV Funding LLC.  Each of the letters was received by Plaintiff soon thereafter.  True and correct copies of each of Defendant's letters are attached hereto as Exhibits 1-3.

29.     Each of Defendant's debt collection letters (Exhibits 1-3) is in the same format and is comprised of two pages.  The two pages for each of the collection letters were enclosed together in the same envelop.

30.     Each of Defendant's letters (Exhibits 1-3) is a "communication" as that term is defined by 15 U.S.C. §1692a(2) because each letter conveyed information regarding the alleged debts directly to Plaintiff through a written letter sent via the U.S. Mail.

31.     The alleged debts that Defendant attempted to collect from Plaintiff were each a "debt" as that term is defined by the FDCPA, 15 U.S.C. §1692a(5).

32.     Each of the alleged debts involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

33.     The FDCPA provides:

**§1692e.  False or misleading representations [Section 807 of P.L.]**

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>                                  * * *
> (5) The treat to take any action that cannot legally be taken or that

-6-

is not intended to be taken . . .

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .

34.    Section 1788.13(i) of the CA FDCPA provides that:

"[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices. . . .The false representation of the true nature of the business or services being rendered by the debt collector."

35.    Section 1788.17 of the CA FDCPA incorporates most provisions of the FDCPA by providing that:

"[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. . . ."

36.    In violation of the FDCPA, 15 U.S.C. §1692e, subdivisions e(5) and e(10), and the CA FDCPA, Cal. Civil Code §1788.13(i), §1788.17, the hypothetical least sophisticated debtor would be deceived and/or mislead by Defendant's collection letters (Exhibits 1-3).

37.    In the Ninth Circuit, the impact of the language used by debt collectors is judged from the perspective of the least sophisticated debtor in our society. *Swanson v. Southern Oregon Credit Services, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

38.    Defendant achieves a competitive advantage by sending collection letters which violate the FDCPA and CA FDCPA.  Defendant's motivation is to obtain payment from alleged debtors, including Plaintiff, through the making false statements about Defendant's legal ability to disclose personally identifiable non-public information and threatening to share personally identifiable non-public information with non-affiliated entities.

39.    Upon receiving Defendant's letter, the least sophisticated debtor would be misled because Defendant's purported "NOTICE OF IMPORTANT RIGHTS" (contained on the second page of each dunning letter, *see* Exhibits 1-3) does not accurately reflect a debtor's rights under California and federal law.

40.    Defendant's purported "NOTICE OF IMPORTANT RIGHTS" states that

-7-

COMPLAINT FOR DAMAGES

Defendant collects and uses private information about Plaintiff that it received from Plaintiff "either directly or indirectly such as information on application or other forms, which may include your name, address, social security number, assets, and income."  The least sophisticated debtor would be misled to believe that Defendant has legally received personally identifiable non-public information about the debtor when that is not true.  Because Defendant is collecting on behalf of a third-party debt buyer, LVNV Funding, LLC, Defendant would not have received information directly from Plaintiff on credit applications or other forms.  Nor would Defendant have legally received the information from LVNV Funding, LLC because personally identifiable non-public information cannot be disclosed to non-affiliated parties without a California consumer's explicit consent.  Plaintiff did not provide explicit consent to LVNC Funding, LLC or any other entity to allow his non-public personal financial information to be shared with non-affiliated parties.

41.  Defendant's purported "NOTICE OF IMPORTANT RIGHTS" states that Defendant was "required" by "federal law" and "[i]n accordance with federal regulations" to notify Plaintiff that Defendant "may use non-public personal information about [Plaintiff] and [Plaintiff's] account."  In violation of the FDCPA, 15 U.S.C. §1692e(10), the least sophisticated debtor would be misled to believe that federal law and regulations require each of Defendant's statements contained in the collection letters (Exhibits 1-3) when that is not true.  Neither federal law nor federal regulation requires that Defendant provide Plaintiff with the information contained in the "NOTICE OF IMPORTANT RIGHTS."

42.  Defendant's purported "NOTICE OF IMPORTANT RIGHTS" states that Defendant "may disclose all of the [non-public personally identifiable information it collected about Plaintiff] with non-affiliate third parties, as permitted or as may be required by law, and not inconsistent with or prohibited by the FDCPA."  In violation of the FDCPA, 15 U.S.C. §1692e(10), the least sophisticated debtor would be misled to believe that Defendant intended to share with *unaffiliated third parties*, personally identifiable non-public information collected by Defendant including but not limited to the debtor's social security number when that is not true.

Neither federal law nor federal regulation allows such sharing of information.  Under California law, personally identifiable non-public information cannot be disclosed to non-affiliated parties without a California consumer's explicit consent.

43.     Defendant's letters (Exhibits 1-3) constitute both an illegal threat to disclose Plaintiff's personally identifiable nonpublic information and a false representation of Defendant's legal rights.

44.     In violation of the FDCPA, 15 U.S.C. §1692e(5), Defendant's inclusion of erroneous statements in a debt collection letter that information about the debtor can or will be shared with non-affiliate third parties when neither federal nor California law permits such disclosures, amounts to an implicit threat that personally identifiable non-public information about Plaintiff will shared if the debt is not paid.

45.     In violation of the FDCPA, 15 U.S.C. §1692e(10), Defendant's letters are also false, deceptive, and misleading because the letters fail to inform the least sophisticated debtor that he or she could opt out of Defendant's information sharing practices as provided by the federal the Gramm Leach Bliley Act.  15 U.S.C. §6802.  The least sophisticated debtor would not know that he or she could opt-out of Defendant's information sharing practices as provided by the Gramm Leach Bliley Act.

46.     Defendant's letters (Exhibits 1-3) constitute both an illegal threat to disclose Plaintiff's personally identifiable nonpublic information (in violation of 15 U.S.C. §1692e(5)) and a false representation of Defendant's legal rights (in violation of 15 U.S.C. §1692e(10)), as the letters fail to inform the least sophisticated debtor in California that he or she must opt in to Defendant's information sharing practices as provided by the California Financial Information Privacy Act, Cal. Financial Code §4050 *et seq*.

47.     Defendant's statement that "collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act" is to imply to the least sophisticated debt that the FDCPA actually permits Defendant to disclose a debtor's personally identifiable nonpublic information it

collects to non-affiliate third parties other than the limited circumstances and extend permitted by 15 U.S.C. §1692c(b).  Contrary to Defendant's statement, the FDCPA, 15 U.S.C. §1692c, does not permit disclosure of a debtor's personally identifiable nonpublic information without Plaintiff's consent.  Defendant's purported "NOTICE OF IMPORTANT RIGHTS" implies to the contrary and makes the statement more misleading.

48.     The least sophisticated debtor does not know whether disclosure of private information is prohibited by the FDCPA or by other applicable laws.   Upon receiving Defendant's letters, the least sophisticated debtor would conclude that Defendant was claiming that it had a legal right to disclose a debtor's personally identifiable nonpublic information among its affiliated companies and a broad range of non-affiliate third parties and that Defendant was threatening to do so unless Plaintiff paid the debt in violation of 15 U.S.C. §1692e(5).

49.     Defendant's letters (Exhibits 1-3) state that Defendant collected nonpublic personal information about Plaintiff regardless of whether he was a current or former customer of Defendant.  This statement is false, deceptive and misleading to the least sophisticated debtor because at no time would a debtor, such as Plaintiff, be a "customer" of Defendant.   No continuing relationship was ever established between Plaintiff and Defendant as Defendant is collecting on behalf of debt buyer LVNV Funding, LLC.  Defendant has not provided financial services to Plaintiff.  In violation of 15 U.S.C. §1692e(5), the statement that a debtor would or could be "a current or a former customer" of Defendant is, thus, a false representation of the true nature of the business or services being rendered by Defendant who is acting as a debt collector seeking to collect a debt alleged owed to LVNV Funding, LLC.

50.     In violation of 15 U.S.C. §1692e(10), the least sophisticated debtor would be misled by the language that the notice was being sent "[i]n accordance with federal regulations." The statement is false, deceptive and misleading because the Defendant's purported "NOTICE OF IMPORTANT RIGHTS" is not in accordance with any "federal regulation."

51.     Defendant's letters violate the CA FDCPA by threatening to share collected, personally identifiable nonpublic information about the alleged debtor is false, deceptive and

1  misleading in violation of Cal. Civil Code §1788.17 (incorporating 15 U.S.C. §1692e, e(5),

2  e(10)).

3       52.     Defendant's letters violate the CA FDCPA by indicating that an alleged debtor

4  such as Plaintiff is or was a "customer" of Defendant which is a false representation of the true

5  nature of the business or services being rendered by the debt collector in violation of Cal. Civil

6  Code §1788.13(i).

7       **FACTUAL ALLEGATIONS CONCERNING DEFENDANT'S TELEPHONE**

8       **CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA**

9       53.     The federal Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*

10  ("TCPA"), prohibits the use of "automatic telephone dialing systems" to call cellular telephones

11  without express consent.  The Federal Communications Commission ("FCC") has held that any

12  telephone system that has "the capacity to dial numbers without human intervention" falls within

13  the prohibition in 47 U.S.C. §227(b).  *In re Rules and Regulations Implementing the TCPA*, GC

14  Docket 02-279, ¶13 (January 4, 2008).

15      54.     For purposes of this complaint, the term "Dialer" refers to a system that has the

16  capacity to dial numbers without human intervention.  In other words, the Dialer, rather than a

17  human being, dials the telephone numbers.

18      55.     Upon information and belief, based on upon <u>Exhibit 4</u>, Defendant, Richard J.

19  Boudreau & Associates, LLC, has at least one telephone system that it uses for calling alleged

20  debtors.

21      56.     The telephone **s**ystem listed in <u>Exhibit 4</u> is a "Dialer" as defined above.

22      57.     Upon information and belief, the telephone calls made through Defendant's Dialer

23  are made as part of a dialing campaign.  This means that a representative of Defendant selects a

24  group of persons or accounts to call based upon certain criteria.

25      58.     The Dailer(s) then intelligently decide when a debt collection call will likely be

26  effective to collect a debt for a particular debtor/number (for example, when the debtor is likely

27  near her telephone), and dials the telephone numbers according to this determination.

28

COMPLAINT FOR DAMAGES

59.     When someone answers a call made during a campaign, either the call is forwarded to an operator, if there is an operator available.

60.     Defendant's Dialer called Plaintiff on numerous occasions, including but not limited to the following occasions:

(a)     On February 9, 2011 at approximately 8:21 a.m., Defendant called Plaintiff's cellular telephone using its Dialer;

(b)     On February 9, 2011 at approximately 12:25 p.m., Defendant called Plaintiff's cellular telephone using its Dialer;

(c)     On February 11, 2011 at approximately 8:17 a.m., Defendant called Plaintiff's cellular telephone using its Dialer;

(d)     On February 11, 2011 at approximately 8:30 a.m., Defendant called Plaintiff's cellular telephone using its Dialer;

(e)     On February 11, 2011 at approximately 8:45 a.m., Defendant called Plaintiff's cellular telephone using its Dialer;

(f)     On February 14, 2011 at approximately 11:10 a.m., Defendant called Plaintiff's cellular telephone using its Dialer;

(g)     On February 15, 2011 at approximately 10:01 a.m., Defendant called Plaintiff's cellular telephone using its Dialer;

(h)     On February 15, 2011 at approximately 10:53 a.m., Defendant called Plaintiff's cellular telephone using its Dialer;

(i)     On February 17, 2011 at approximately 9:54 a.m., Defendant called Plaintiff's cellular telephone using its Dialer;

(j)     On February 18, 2011 at approximately 8:37 a.m. and soon thereafter, Defendant called Plaintiff's cellular telephone using its Dialer; and

(k)     February 22, 2011 at approximately 4:35 p.m., Defendant called Plaintiff's cellular telephone using its Dialer.

COMPLAINT FOR DAMAGES

61.     Plaintiff's telephone indicated that the calls from Defendant on February 9, 2011 at 8:21 a.m. and 12:25 p.m.; February 11, 2011 at 8:30 a.m. and 8:45 a.m.; February 15, 2011 at 10:01 a.m. was coming from telephone number 603-890-1644.

62.     Plaintiff's telephone indicated that the calls from Defendant on February 11, 2011 at 8:17 a.m.; February 14, 2011 at 11:10 a.m.; February 15, 2011 at 10:53 a.m.; February 17, 2011 at 9:54 a.m.; and February 22, 2011 at 4:35 p.m. were emanating from telephone number 603-327-0039.

63.     At no time did Plaintiff consent, directly or indirectly, to allow Defendant to call Plaintiff's cellular telephone.

### *CAUSES OF ACTION CLAIMED AGAINST DEFENDANT*
### FIRST CAUSE OF ACTION
**(Violations of the Fair Debt Collection Practices Act (FDCPA)**
**15 U.S.C. § 1692, *et seq.* against Defendant)**

64.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.     Plaintiff allegedly incurred a financial obligation for primarily personal, family or household purposes that is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

66.     Plaintiff is informed and believes that Defendant violated the following provisions of the FDCPA, including but not limited to:

(a)     15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken as described above; and

(b)     15 U.S.C. §1692e(10) by using any false, deceptive, or misleading representation or means in connection with the debt as described above.

67.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and emotional distress is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**SECOND CAUSE OF ACTION**
**(Violation of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code § 1788, *et seq.* (CA FDCPA) against Defendant)**

68.     Plaintiff incorporates by reference the preceding paragraphs, as though set forth in full herein and further alleges as follows.

69.     This case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

70.     The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the CA FDCPA, including but not limited to the following actions taken against Plaintiff:

(a)     Defendant violated California Civil Code §1788.13(i) by indicating that Plaintiff is or was a "customer" of Defendant which is a the false representation of the true nature of the business or services being rendered by the debt collector; and

(b)     Defendant violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

71.     As a result of Defendant's violations of the CA FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code §1788.30(a), statutory damages for a knowing or willful violation pursuant to California Civil Code section 1788.30(b), and reasonable attorneys' fees and costs pursuant to California Civil Code section 1788.30(c) from Defendant.

**THIRD CAUSE OF ACTION**
**(Violations of the Telephone Consumer Protection Act (TCPA)**
**47 U.S.C. §227, *et seq.* against Defendant)**

72.     Plaintiff incorporates by reference the preceding paragraphs, as though set forth in full herein and further alleges as follows.

73.     It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system.

74.     Plaintiff is entitled to have his rights, status and legal relations under the TCPA

-14-

COMPLAINT FOR DAMAGES

relating to Defendant's calling of cellular telephones using an automatic dialing system.

75.     Defendant's calls were negligent, or alternatively, they were willful.  47 U.S.C. §312(f)(1).

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays that judgment be entered as follows:

<u>Fair Debt Collection Practices Act</u>

a)     An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

b)     An award of statutory damages of up to $1,000 per violation pursuant to 15 U.S.C. §1692k(a)(2)(A);

c)     An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant in an amount to be determined at trial;

d)     For any other relief that the court deems just and proper.

<u>California's Rosenthal Fair Debt Collection Practices Act</u>

e)     For an award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant in an amount to be determined at trial;

f)     For an award of statutory damages statutory damages of not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) pursuant to California Civil Code § 1788.30(b);

g)     For an award of costs of litigation and reasonable attorneys' fees pursuant to California Civil Code § 1788.30(c);

h)     For any other relief that the court deems just and proper.

<u>Telephone Consumer Protection Act</u>

j)     Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

k)     A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular telephones using an automatic telephone dialing

COMPLAINT FOR DAMAGES

1    system;

2        l)        Any other relief the Court finds just and proper.

3    Dated: September 6, 2011                         ARLEO LAW FIRM, PLC

4                                                      ____s/Elizabeth J. Arleo_____
                                                       Elizabeth J. Arleo
5
                                                       1672 Main St., Suite E, PMB 133
6                                                      Ramona, CA 92065
                                                       Tel: (760) 789-8000
7                                                      Fax: (760) 789-8081

8                                                      Attorney for Plaintiff Michael A. Murphy

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

COMPLAINT FOR DAMAGES

℀JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael A. Murphy

## DEFENDANTS
Richard J. Boudreau & Associates, LLC

**(b)** County of Residence of First Listed Plaintiff   San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Middlesex County, MA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Elizabeth J. Arleo, Arleo Law Firm, PLC, 1672 Main Street, Suite E, PMB 133, Ramona, CA92065, 760-789-8000

Attorneys (If Known)

'11CV2055 BEN WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government   Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government   Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§1692 et seq.
Brief description of cause:
Violations of federal and California Fair Debt Collection Practices Act, federal Tele Comm. Prot Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE ____   DOCKET NUMBER ____

DATE
09/06/2011

SIGNATURE OF ATTORNEY OF RECORD
s/Elizabeth J. Arleo

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____